IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Shana Readus, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br><br><br><br> -v.-<br><br>Church Church Hittle + Antrim<br><br><br><br>      Defendant(s). | Civil Action No: 1:25-cv-1251<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Shana Readus ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Church Church Hittle + Antrim (hereinafter, "Defendant" or "CCHA"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

<u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. It concluded that "existing laws…[we]re inadequate

to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Indiana in the County of Marion.

8. At all times material hereto, Plaintiff Shana Readus ("Plaintiff") was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant Church Church Hittle + Antrim ("Defendant" or "CCHA") is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with an address at Two North Ninth Street, Noblesville, Indiana 46060.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Indiana;

    b. to whom Defendant sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. on behalf of an original creditor;

    e. collecting on a debt that was not even thirty (30) days past due; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before June 23, 2025.

    The Sub-Class consists of:

    g. all individuals with addresses in the State of Indiana;

    h. to whom Defendant sent an initial collection letter;

    i. attempting to collect a consumer debt;

    j. on behalf of an original creditor;

    k.    stating that Plaintiff is liable for what appears to be a flat rate fee;

    l.    with no justification for charging such a fee; and

    m.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before June 23, 2025.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

    single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs numbered 1 through 19 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to May 25, 2024, Plaintiff allegedly incurred an obligation with Forum Credit Union ("Forum"), arising out of Plaintiff's utilization of Forum's credit services.

22. Plaintiff disputes the validity of all or part of this debt.

23. The alleged Forum obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

24. Forum is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

25. Upon information and belief, Forum contracted Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

<em>Violation I – Collecting a Debt Within 30 Days of Default</em>

27. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 25 above herein with the same force and effect as if the same were set forth at length herein.

28. On or about June 23, 2024, Plaintiff received an initial contact notice from Defendant (the "Letter") regarding the alleged debt owed. *See* Letter attached hereto as **Exhibit A**.

29. The letter states in relevant part as follows: "CCHA is a debt collector. We are trying to collect a debt that you owe to FORUM Credit Union. We will use any information you give us to help collect the debt." *Id.*

30. Plaintiff's last due date to Forum was May 25, 2024.

31. The date on the letter was June 19, 2024, which was within 30 days of the last payment on the debt.

32. In response to receipt of this letter, Plaintiff was understandably confused and skeptical as the debt payment's last due date was within the past 30 days – on May 25, 2024.

33. Sending the letter so close to the date of the alleged default gives Plaintiff the understandable reaction of doubting the validity and veracity of Defendant's representation of collecting a debt on behalf of Forum.

34. Defendant's conduct is also unfair and unconscionable to collect a debt for which 30 days have not passed since the prior payment.

<u>*Violation II – Charged Flat Fee with No Justification*</u>

35. The letter further stated in relevant part:

    **Our information shows:**
    You had a(n) Credit Card account with FORUM Credit Union with account number xxxx1409.

    | | | |
    |---|---|---|
    | As of May 25, 2024, you owed: | | $20,162.74 |
    | Between May 25. 2024 and today: | | |
    | You were charged this amount in interest: | + | $ 170.25 |
    | You were charged this amount in fees: | + | $ 250.00 |
    | You paid or were credited this amount toward the debt | - | $0.00 |
    | **Total amount of the debt now**: | | $20,582.99 |

    *See* **Exhibit A**.

36. More specifically between May 25, 2024 and June 19, 2024, Defendant charged Plaintiff what appears to be a flat rate fee of $250.00 on top of the principal owed.

37. The fact that the aforementioned fee of $250.00 is a round number, strongly indicates that this is a flat rate fee applied on top of the principal debt.

38. To charge a flat rate fee of $250.00 for a time period of approximately twenty-four (24) days, is misleading, oppressive, unfair, unconscionable and at the same time bizarre and strange.

39. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inconsistent, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

40. The fact that Defendant is charging what appears to be a flat rate fee of $250.00 for a time period slightly over three (3) weeks gave the Plaintiff sufficient reason to suspect the veracity and the validity of the debt.

41. Therefore, Defendant's inconsistencies and omissions cast a negative shadow over its debt collection practice in general.

42. Defendant created an ambiguous, confusing, and misleading collection notice which made it difficult for Plaintiff to understand the nature of the subject debt.

43. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

44. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

45. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

46. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

47. One important element of consumer protection revolves around keeping the consumer informed.

48. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

49. However, when a debt collector states charges that appears to be a flat for a small period of time, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

50. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Debt collection notices must state the total amount of debt, which includes interest and fees charges, accurately and fairly.

52. Defendant stating what appears to be a flat rate fee for $250.00 for a twenty-four (24) day period make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

53. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

54. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

55. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

56. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff

could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

58. Plaintiff was uncertain about the legitimacy of the Letter and misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

59. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

60. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

61. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

62. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

63. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

64. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

65. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d *et seq.*

66. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

68. Pursuant to 15 U.S.C. § 1692, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69. Defendant violated § 1692d:

    a. by attempting to collect a debt that was only due within the 30 days; and

    b. by adding on what appears to be a flat fee of $250.00 for a time period of approximately 24 days.

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 65 above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendant violated § 1692e:

    a. by sending a collection letter within 30 days that the debt was due; and

    b. by charging Plaintiff what appears to be a flat rate fee of $250.00 for the time period of approximately 24 days.

75. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

76. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendant violated § 1692f:

    a. by sending a collection letter within 30 days that the debt was due; and

    b. by charging the Plaintiff what appears to be a flat rate fee of $250.00 for a time period of approximately 24 days.

80. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692g *et seq.***

81. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. Pursuant to 15 U.S.C. §1692g, a debt collector must "send the consumer a written notice containing . . . (1) the amount of the debt."

84. Defendant violated § 1692g (a)(1):

   a. by failing to state the accurate amount of the debt when Defendant included a flat rate fee of $250.00 for a time-period of twenty-four (24) days in the total debt amount.

85. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Shana Readus, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 23, 2025

/s/ Yaakov Saks
**Stein Saks, PLLC**
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*
Pro Hac Vice Pending